Elmira **COPELAND**, individually and as Executrix of the Estate of Ralph Copeland, and as guardian of Chailese Gonzales, a minor child, Plaintiffs–Appellants,

v.

David **THAWLEY**, John Lilley, Hudson Glimp, and John Frederick, individuals; University and Community College System of Nevada, a political subdivision of the State of Nevada, Defendants–Appellees.

No. 07–16351.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Jeffrey A. Dickerson, Reno, NV, for Plaintiffs–Appellants.

Charles Hilsabeck, Assistant General Counsel, Frank H. Roberts, University & Community Colleges—State of Nevada Office of General Counsel, Reno, NV, for Defendants–Appellees.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiffs Elmira Copeland and Chailese Gonzales appeal the summary judgment entered in favor of Defendants University and Community College System of Nevada, now known as the Nevada System of Higher Education, David Thawley, John Lilley, Hudson Glimp, and John Frederick. We affirm.

■ Plaintiffs have waived the defamation and "defamation plus" claims by failing to assert them in the opening brief. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (holding that arguments not raised by a party in its opening brief are deemed waived).

The Nevada System of Higher Education is immune from suit under the Eleventh Amendment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 883 n. 17 (9th Cir.2004). The claims against Defendants Thawley, Frederick, and Lilley in their individual capacities, however, are not barred. *Cerrato v. S.F. Cmty. Coll. Dist.,* 26 F.3d 968, 973 (9th Cir.1994).

■ Plaintiffs' First Amendment claim fails because Plaintiffs were neither engaged in constitutionally protected activity, nor did Plaintiffs provide evidence that Defendants' alleged actions chilled the exercise of protected speech. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999) (stating elements). There is no evidence in the record that Plaintiffs ever attempted to, or ever wanted to, speak to the press, nor is there evidence that Defendants did any-

---

** This disposition is not appropriate for publication and is not precedent except as provid-  ed by 9th Cir. R. 36–3.

thing more than state a preference that any press inquiries be referred to them.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.